# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES,**

        **Plaintiff,**

v.                                     **Case No: 6:00-cr-159-ACC**

**CHARLES DAVID ZOHLMAN,**

        **Defendant.**

## ORDER

After examination, a psychologist has concluded that the Defendant is not presently competent to assist in his defense. Doc. 109. This finding was not contested by the United States or the Defendant at the competency hearing held on October 26, 2023. At the hearing, the parties agreed that the Defendant was not competent to proceed, and the United States proffered the report of Dr. Leslie Johnson, Ph. D. Doc. 109. Based on that report and given the agreement between the parties (Doc. 111), the Court finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.[1]  18 U.S.C. § 4241(d). Accordingly, the

---

[1] The undersigned further notes that the Defendant engaged in verbal outbursts throughout the hearing, often directed at the undersigned judge, all while speaking over counsel and the court. At the conclusion of the hearing, as the Defendant was being led away and the undersigned judge left the bench, the Defendant continued verbal outbursts directed to the undersigned judge, concluding in a statement directed to the undersigned judge "You need to watch your step." This is viewed in relation to the Defendant's statement to the psychologist concerning the undersigned judge and the assigned district judge: "eventually they'll both get disbarred or killed or they'll disappear." Doc. 109 at 12. Given those facts, the undersigned has considered whether *sua sponte* recusal is necessary pursuant to 28 U.S.C. § 455(a) and declines to recuse. "It has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge. Otherwise, 'every man could evade the punishment due to his offense, by first pouring a torrent of abuse upon his judges, and then asserting that they act from passion.'" *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1350 (M.D. Fla. 2002) ("A defendant cannot use death threats to force the recusal of a judge who has detained him in hopes that another judge might rule differently.").

statute directs that "the court shall commit the defendant to the custody of the Attorney General." *Id.* Pursuant to the statute:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

The United States declines, at this point, to dismiss the case. As stated at the hearing and in the parties' joint filing, both the United States and the Defendant agree that the Defendant should be committed to the Attorney General for competency restoration efforts pursuant to 18 U.S.C. § 4241(d). Doc. 111.

Accordingly, it is **ORDERED** that the Defendant, **CHARLES DAVID ZOHLMAN**, is hereby committed to the custody of the Attorney General who shall hospitalize the Defendant for treatment in a suitable facility for such a reasonable time, not to exceed four months from the date Defendant arrives at the designated facility, as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward. The Attorney General may request, on motion to the Court, an

additional reasonable period of time for treatment upon a showing that there is a substantial probability that within such additional period of time Defendant will attain the capacity to permit the proceedings to go forward. 18 U.S.C. §§ 4142(d)(1), (2).

It is **ORDERED** that the government shall promptly file a certification issued pursuant to 18 U.S.C. § 4241(e), if one is issued, or otherwise notify the Court and opposing counsel in writing within five business days after the original reasonable period for treatment of the status of the case.

The **Clerk of Court** is directed to provide a copy of this Order to the United States Marshals Service.

**ORDERED** in Orlando, Florida on October 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE